# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DARIEN LAVON MAYE,

      Plaintiff,                          Case No.: 6:25-cv-02125-JSS-NWH

v.

JOST INTERNATIONAL CORPORATION,
And GREAT DANE, LLC, dba GREAT
DANE TRAILERS,

      Defendant.

_____/

## PLAINTIFF'S FOURTH AMENDED COMPLAINT

## AND DEMAND FOR JURY TRIAL

Plaintiff, DARIEN LAVON MAYE, sues Defendants GREAT DANE, LLC,

dba GREAT DANE TRAILERS and JOST INTERNATIONAL CORPORATION,

and alleges as follows:

### I. NATURE OF THE ACTION

1.      This is a civil action for damages exceeding $75,000, exclusive of

interest, costs, and attorney's fees, arising from the sudden and catastrophic

structural failure of a commercial refrigerated semi-trailer's front-end landing-

gear support system during ordinary dock-loading operations on September 16,

2025, at a TG Lee Dairy facility located at 315 North Bumby Avenue, Orlando,

Florida.

2.      The failure originated at the right-front K-bracket/K-brace—a load-bearing structural component that supports the trailer's landing-gear system and is designed to maintain front-end trailer stability when the trailer is detached from a tractor. The K-bracket/K-brace failed suddenly, without warning, under ordinary and foreseeable loading forces, causing the right landing-gear leg to collapse and the trailer to tip while Plaintiff was inside operating a powered industrial truck in the normal course of his assigned duties.

3.      This action asserts separate and distinct claims against two Defendants. Defendant Great Dane, LLC designed, manufactured, and assembled the subject trailer and its integrated structural support system. Defendant Jost International Corporation designed, manufactured, and supplied the landing-gear system and its associated K-bracket/K-brace support components incorporated into the subject trailer. The factual allegations and legal theories applicable to each Defendant are stated separately below, and no count in this Complaint incorporates the allegations of any other count.

## II. PARTIES

4.      Plaintiff Darien Lavon Maye is a natural person and a citizen and resident of the State of Florida.

5.      Defendant Great Dane, LLC, dba GREAT DANE TRAILERS (hereinafter "Great Dane") is a limited liability company organized under the laws

of Delaware, with its principal place of business in Illinois, engaged in the business of designing, engineering, manufacturing, assembling, marketing, distributing, and selling commercial trailers, including refrigerated semi-trailers, throughout the United States, including in the State of Florida. Great Dane manufactured the subject trailer at its facility in Brazil, Indiana. Great Dane controls the structural design, component integration, load-bearing configuration, and final assembly of its trailers before placing them into the stream of commerce.

6.      Defendant Jost International Corporation ("Jost") is a corporation organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan, engaged in the business of designing, engineering, manufacturing, marketing, distributing, and selling landing-gear systems and associated structural support components, including K-bracket/K-brace support structures, for incorporation into commercial trailers throughout the United States, including in the State of Florida.

### III. JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of Florida; Great Dane is a citizen of a State other than Florida; and Jost is a citizen of Michigan. Complete diversity exists among the parties.

8.      This Court has personal jurisdiction over each Defendant under Florida's long-arm statute, Fla. Stat. § 48.193, because each Defendant, directly or through an established distribution channel, placed its products into the stream of commerce with the reasonable expectation that those products would be purchased, used, or consumed in Florida, and because the acts and omissions giving rise to this action caused injury to Plaintiff in Florida. Each Defendant purposefully availed itself of the Florida market by manufacturing and supplying commercial trailer products intended for use in interstate commerce, including in Florida.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims—including the trailer collapse and Plaintiff's resulting injuries—occurred in Orlando, Orange County, Florida, within the Orlando Division of the Middle District of Florida.

## IV. COMMON FACTUAL ALLEGATIONS

The following factual allegations are pleaded once and are incorporated only into the specific counts that expressly identify them below.

*A. The Incident of September 16, 2025*

10.     On September 16, 2025, Plaintiff was employed at, and assigned to perform loading operations at, the TG Lee Dairy / DFA Dairy Brands Fluid, LLC facility located at 315 North Bumby Avenue, Orlando, Florida (the "Facility").

11.     On that date, Plaintiff was assigned to load palletized product onto Trailer #25740, a refrigerated commercial semi-trailer positioned at Bay 6 of the Facility's loading dock.

12.     The subject trailer had been detached from its tractor and positioned at the loading dock. Because the trailer was detached from a tractor, its front-end structural support during loading depended entirely on its landing-gear system and the K-bracket/K-brace support structure that carried the front-end vertical load.

13.     The subject trailer was stationary, dock-locked, and secured in the standard manner for dock-loading operations. Plaintiff operated a powered industrial truck (forklift) to load palletized product onto the trailer, the intended, ordinary, and reasonably foreseeable use of a docked commercial trailer.

14.     During the course of normal loading, and without any prior warning, visible deformation, instability, or indication of structural compromise, the right-front K-bracket/K-brace supporting the landing gear failed structurally. The right landing-gear leg collapsed, the right front of the trailer dropped, and the trailer

tipped to the right, encroaching into the adjacent bay and striking the ground with sufficient force to crack the pavement beneath the trailer's front nose.

15. Plaintiff was inside the trailer at the time of the collapse and was violently thrown against the interior structure of the trailer as it dropped and tipped.

16. At no time was the subject trailer struck by another vehicle, subjected to any external impact, overloaded, misused, or exposed to any force outside the ordinary and reasonably foreseeable range of dock-loading operations. The collapse did not result from any act or omission of Plaintiff.

17. No warning, instruction, marking, placard, or hazard indicator was present on or near the subject trailer or its landing-gear support system to alert Plaintiff or other foreseeable users to any risk of structural failure or collapse during dock-loading operations.

B. *Identification of the Products and Their Manufacturers*

18. The subject trailer bears vehicle identification number ("VIN") 1GRAA9626HB712274. This VIN appears in records generated in connection with the incident, including the tow invoice for the subject trailer and the post-incident repair invoice.

19. When decoded through the National Highway Traffic Safety Administration's ("NHTSA") public Vehicle Product Information Catalog (vPIC),

VIN 1GRAA9626HB712274 returns a verified decode—with the VIN check digit confirmed—identifying the subject trailer as a 2017 Great Dane refrigerated van/box enclosed semi-trailer manufactured by Great Dane at its Brazil, Indiana plant. The NHTSA vPIC decode is a record generated by a public federal authority.

20. The post-incident repair invoice (Bates DFA_MAYE-00024) independently identifies the make of the subject trailer as "Great Dane."

21. Based on the foregoing, Great Dane designed, engineered, manufactured, assembled, and placed into the stream of commerce the subject trailer, VIN 1GRAA9626HB712274 (Trailer #25740), including its integrated front-end structural support system.

22. The landing-gear system installed on the subject trailer—including its associated K-bracket/K-brace support components—was designed, manufactured, and supplied by Jost. The landing-gear assembly on the subject trailer bears a cast "JOST" manufacturer marking on the gearbox housing, which is visible in the photographic record of the incident scene. This marking identifies Jost as the manufacturer of the subject landing-gear assembly.

23. The specific model and serial numbers of the Jost landing-gear assembly and of the K-bracket/K-brace components remain within the possession, custody, or control of the Defendants and/or non-parties, and Plaintiff will identify those model and serial numbers with further specificity through

discovery. The subject landing-gear components were removed from the trailer and replaced during post-incident repairs performed by a non-party repair vendor within days of the incident, and the original components are no longer available in their post-incident condition.

### C. Great Dane's Design, Manufacture, and Post-Sale Knowledge

24.     As the manufacturer and assembler of the subject trailer, Great Dane controlled the structural design of the trailer and the integration of the landing-gear system into the trailer frame and nose structure, including the manner in which the landing gear and its supporting structural members—the K-bracket/K-brace—were attached to and integrated with the overall trailer structure.

25.     Great Dane determined the load-bearing configuration of the trailer's front-end support system, including which components would bear the primary vertical structural load when the trailer was detached from a tractor during dock-loading operations, and Great Dane specified, selected, and approved the K-bracket/K-brace support structure and its method of attachment to the trailer.

26.     Great Dane's design required the landing-gear system—and specifically the K-bracket/K-brace support structure—to serve as the sole source of front-end structural support during loading operations when the trailer was detached from a tractor, without incorporating any redundant support structure,

secondary load path, fail-safe mechanism, or structural reinforcement sufficient to prevent total front-end collapse upon failure of that support area.

27.    On or about August 23, 2024—approximately thirteen months before Plaintiff's injury—Great Dane issued a safety recall through NHTSA, designated Recall No. 24V637, concerning trailers on which support-gear bracing mounts were improperly welded. NHTSA's published recall summary states that the improperly welded condition "can lead to the trailer collapsing."

28.    Recall No. 24V637 concerns the same category of landing-gear support structure—the mounting and bracing that supports the landing gear and bears the front-end load of a detached trailer—that failed in Plaintiff's incident. Through Recall No. 24V637 and the investigation, testing, field data, and engineering review that preceded and accompanied it, Great Dane acquired actual or constructive knowledge, before Plaintiff's injury, that improperly welded or inadequately fabricated support-gear bracing mounts on its trailers could fail and cause the trailer to collapse.

### D. Jost's Design, Manufacture, and Supply of the Landing Gear

29.    Jost designed, engineered, manufactured, marketed, distributed, and supplied the landing-gear system and the associated K-bracket/K-brace structural support components incorporated into the subject trailer.

30.    Jost was responsible for the structural integrity, load-bearing capacity, material selection, weld integrity, manufacturing quality, and performance specifications of the landing-gear system and K-bracket/K-brace components it designed, manufactured, and supplied.

31.    The K-bracket/K-brace supplied by Jost was a safety-critical structural component specifically designed and intended to support the front end of a detached commercial trailer under vertical load during dock-loading operations. This was the component's primary, intended, and reasonably foreseeable use.

32.    The K-bracket/K-brace supplied by Jost was required to withstand, without failing, the ordinary and reasonably foreseeable vertical loading forces generated during routine dock-loading operations, including loading by powered industrial trucks such as the forklift operated by Plaintiff.

33.    Jost is a manufacturer of safety-relevant commercial-vehicle components and holds a majority share of the global landing-gear market. Jost designs and manufactures landing-gear systems, including the weld-on flange and bracing construction by which such landing gear is mounted, and Jost is aware, through its own patents, engineering, field experience, and industry knowledge, that failure of a landing-gear support flange or brace can cause collapse of the landing gear and the trailer it supports.

## E. Causation

34.     The right-front K-bracket/K-brace supporting the landing gear of the subject trailer failed under ordinary and reasonably foreseeable dock-loading forces. That failure caused the right landing-gear leg to collapse and the subject trailer to tip, throwing Plaintiff against the interior structure of the trailer and causing his injuries.

35.     The failure of the K-bracket/K-brace is attributable to a defect in the design, manufacture, or integration of the subject trailer's structural support system by Great Dane, a defect in the design or manufacture of the K-bracket/K-brace and landing-gear components supplied by Jost, or both. The failure sequence is not consistent with ordinary wear, misuse, operator error, external impact, overloading, or maintenance-related causes.

36.     The defective and unreasonably dangerous conditions of the subject trailer and its landing-gear support components were the direct and proximate cause of Plaintiff's injuries and all resulting damages described herein.

## F. Post-Incident Investigation and Records Corroborating the Failure Mode

37.     The following allegations concerning the post-incident investigation and inspection records are pleaded to establish the failure mode of the subject trailer and the absence of any pre-incident visible defect. These allegations are

incorporated only into those counts, identified below, in which they are material to the element of defect, causation, or the latent nature of the defect.

38. Plaintiff's employer conducted an internal investigation of the incident and submitted a written response to OSHA dated October 7, 2025, in connection with OSHA Complaint No. 2354476. That employer response, an official business record, reflects that during trailer loading the K-bracket that supports the landing gear failed, which resulted in the trailer tipping, and that a facility employee operating a powered industrial truck to load product on the trailer was injured during this event.

39. The employer's investigation further reflects that two Driver Vehicle Inspection Reports for Trailer #25740 completed on the day of the incident—at approximately 3:30 a.m. and 10:55 a.m. on September 16, 2025—both reflected "No Defect" for the trailer's landing gear and certified the trailer as satisfactory; that a review of the preceding ninety days of inspection reports and the preceding 180 days of preventative-maintenance records for Trailer #25740 identified no landing-gear deficiency; that fleet-maintenance personnel characterized the K-bracket failure as an anomaly that could not have been anticipated through routine inspection; and that the event was not attributed to misuse, operator error, overloading, or any abnormal condition.

40.    OSHA documentation generated in connection with the incident records that the subject trailer experienced a structural failure at Bay 6, that the failure originated from the right-front K-brace, and that the right landing-gear leg collapsed as a result.

41.    The foregoing records establish that the K-bracket/K-brace failure caused the collapse; that Plaintiff was performing normal assigned work in the normal assigned manner; that the trailer had been inspected and certified defect-free on the day of the incident; that no inspection or maintenance record over an extended review period revealed any deficiency; and that the failure occurred despite the absence of any visible defect. These facts support the reasonable inference that the defect that caused the failure was latent and existed at the time the subject product left the control of the manufacturer responsible for it.

## G. Plaintiff's Injuries and Damages

42.    As a direct and proximate result of the collapse of the subject trailer, Plaintiff sustained bodily injury, including injuries to his cervical spine (neck), thoracic spine (upper and mid-back), and lumbar-sacral spine (lower back). Plaintiff's injuries involve all three regions of the spine and have persisted beyond the applicable permanency threshold.

43.    As a further direct and proximate result, Plaintiff has suffered and will continue to suffer bodily injury; pain and suffering; disability; physical

impairment; disfigurement; mental anguish; inconvenience; loss of the capacity for the enjoyment of life; expense of medical care, treatment, and rehabilitation; lost earnings; loss of earning capacity; and aggravation of a previously existing condition. Plaintiff's injuries are permanent or continuing in nature, and Plaintiff will suffer these losses and impairments in the future. Plaintiff's damages are pleaded as continuing and will be proven at trial.

## <u>COUNT I — STRICT LIABILITY — DESIGN DEFECT</u>
### (*Against Great Dane, LLC*)

44.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9 (Nature of the Action, Parties, Jurisdiction and Venue), paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 24 through 26 (Great Dane's design and load-bearing configuration), paragraphs 34 through 36 (Causation), paragraphs 37 through 41 (records corroborating the latent failure mode), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

45.    Great Dane is engaged in the business of designing and manufacturing commercial trailers and placed the subject trailer into the stream of commerce.

46.    The subject trailer reached Plaintiff and other foreseeable users without substantial change in the condition relevant to the defect alleged herein,

and was being used in its intended and reasonably foreseeable manner, routine dock-loading with a powered industrial truck, at the time of the collapse.

47. The subject trailer was in a defective condition unreasonably dangerous to foreseeable users at the time it left Great Dane's control. Specifically, Great Dane designed the trailer so that the entire front-end vertical load of the detached trailer during dock-loading was borne by a single, non-redundant landing-gear support configuration, the K-bracket/K-brace support area, such that the failure of that single support component would, and did, result in complete, immediate, and catastrophic front-end collapse.

48. The design was defective and unreasonably dangerous because it incorporated no redundant support structure, no secondary or alternate load path, no fail-safe mechanism, and no structural reinforcement sufficient to prevent total collapse upon failure of the K-bracket/K-brace support area, and because it provided no means by which a foreseeable user could detect an incipient failure before catastrophic collapse.

49. The subject trailer failed to perform as safely as an ordinary consumer or user would expect when used in its intended and reasonably foreseeable manner. In the alternative, the risk of danger inherent in the challenged design, catastrophic front-end collapse and serious personal injury, outweighed the

benefits of the design as configured, and a reasonable alternative design incorporating redundancy or fail-safe support was available and feasible.

50.    The design defect existed at the time the subject trailer left Great Dane's control and was a direct and proximate cause of the collapse and of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Great Dane, LLC for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

## COUNT II — STRICT LIABILITY — MANUFACTURING DEFECT
### (*Against Great Dane, LLC*)

51.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 24 through 26 (Great Dane's manufacture and integration), paragraphs 34 through 36 (Causation), paragraphs 37 through 41 (records corroborating the latent failure mode), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

52.    Great Dane manufactured and assembled the subject trailer, including the fabrication, welding, and integration of the landing-gear support structure and the K-bracket/K-brace mounting into the trailer frame and nose structure.

53. The subject trailer reached Plaintiff and other foreseeable users without substantial change in the condition in which it was manufactured and was being used in its intended and reasonably foreseeable manner at the time of the collapse.

54. The subject trailer, as manufactured, deviated from Great Dane's own design specifications and intended condition, and was in a defective condition unreasonably dangerous to foreseeable users, in that the landing-gear support structure and its mounting and bracing, including the welds affixing the support-gear bracing mounts, were improperly fabricated, improperly welded, or otherwise manufactured with inadequate structural strength, integrity, or quality to withstand the ordinary and foreseeable loading forces the component was required to bear.

55. The manufacturing defect is corroborated by Great Dane's own NHTSA Recall No. 24V637, which concerned improperly welded support-gear bracing mounts on Great Dane trailers that "can lead to the trailer collapsing," and by the sudden failure of the subject support structure under ordinary, deficiency-free, well-documented conditions, with no visible defect having been identified through repeated inspection, facts that support the reasonable inference that the defect was latent and existed when the trailer left Great Dane's control.

56. The subject trailer failed to perform as safely as an ordinary user would expect when used in its intended and reasonably foreseeable manner.

57. The manufacturing defect existed at the time the subject trailer left Great Dane's control and was a direct and proximate cause of the collapse and of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Great Dane, LLC for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

## <u>COUNT III — NEGLIGENCE</u>
### (*Against Great Dane, LLC*)

58. Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 24 through 28 (Great Dane's design, manufacture, and post-sale knowledge), paragraphs 34 through 36 (Causation), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

59. Great Dane owed Plaintiff and all reasonably foreseeable users of its trailers a duty to exercise reasonable care in the design, engineering, manufacture, assembly, integration, testing, and distribution of the subject trailer and its

structural support system, so as not to create an unreasonable risk of harm to foreseeable users.

60.    Great Dane breached that duty of reasonable care by, among other things:

(a) designing and assembling a trailer whose front-end structural support relied on a single, non-redundant landing-gear support configuration that permitted a localized component failure to cause immediate and catastrophic total collapse;

(b) failing to incorporate reasonable structural reinforcement, alternate load paths, secondary support, or fail-safe features sufficient to prevent total collapse upon failure of the K-bracket/K-brace support area;

(c) improperly welding or fabricating, or failing to ensure the proper welding and fabrication of, the support-gear bracing mounts and the landing-gear support structure; and

(d) failing to conduct reasonable design validation, structural analysis, load testing, or engineering review sufficient to identify that its single-point support configuration could produce catastrophic collapse under foreseeable dock-loading conditions.

61.    Great Dane's breach of its duty of reasonable care was a direct and proximate cause of the collapse of the subject trailer and of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Great Dane, LLC for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

## COUNT IV — STRICT LIABILITY — FAILURE TO WARN
### (*Against Great Dane, LLC*)

62.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 24 through 28 (Great Dane's design and knowledge), paragraphs 34 through 36 (Causation), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

63.    The subject trailer was accompanied by no warning, instruction, placard, marking, inspection criterion, load limitation, or removal-from-service guidance concerning the risk that its landing-gear support system could fail suddenly during ordinary dock-loading operations and cause catastrophic collapse. Great Dane provided no such warning or instruction on the trailer, in any manual, or in any accompanying materials.

64. The risk that the landing-gear support system could fail suddenly and without warning during ordinary dock-loading, causing catastrophic front-end collapse, was not open or obvious to Plaintiff or to other foreseeable users, and was a danger of which Great Dane knew or, in the exercise of reasonable care, should have known.

65. Great Dane had a duty to provide adequate warnings and instructions to foreseeable users regarding this non-obvious risk. An adequate warning would have informed users and the trailer's owner and operators that the front-end support of the detached trailer depended on a single, non-redundant support structure; that the structure could fail without visible warning under ordinary loading; that safety stands or supplemental support should be deployed during dock-loading of a detached trailer; and that specified inspection criteria and removal-from-service conditions must be observed. Great Dane provided no such warning or instruction, and any warnings or instructions that did accompany the trailer were inadequate because they omitted this information entirely.

66. Had Great Dane provided adequate warnings and instructions of the substance described above, Plaintiff and Plaintiff's employer would have been alerted to take precautions, including the deployment of supplemental support and the observance of inspection and removal-from-service criteria, sufficient to

prevent or avoid the hazard. The absence of any warning rendered the subject trailer unreasonably dangerous to foreseeable users.

67.    Great Dane's failure to provide adequate warnings and instructions was a direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Great Dane, LLC for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

### COUNT V — NEGLIGENT TESTING AND INSPECTION
**(*Against Great Dane, LLC*)**

68.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 24 through 28 (Great Dane's design, manufacture, and knowledge), paragraphs 34 through 36 (Causation), paragraphs 37 through 41 (records corroborating the latent failure mode), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

69.    Great Dane owed Plaintiff and all reasonably foreseeable users a duty to use reasonable care to test, evaluate, validate, and inspect the subject trailer's structural support system, including the landing-gear support configuration and the welding and fabrication of the support-gear bracing mounts, before placing the trailer into the stream of commerce.

70.     Great Dane breached that duty by failing to adequately test, evaluate, or inspect whether the trailer's single-point front-end support could safely perform under ordinary dock-loading conditions, and by failing to conduct structural analysis, load validation, weld inspection, or engineering review sufficient to identify that a single-point support failure or an improperly welded bracing mount could produce catastrophic collapse under reasonably foreseeable conditions.

71.     As a direct and proximate result of Great Dane's failure to use reasonable care in testing and inspecting the subject trailer's structural support system, the trailer collapsed under ordinary use and Plaintiff was injured and damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant Great Dane, LLC, for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

### COUNT VI — NEGLIGENT POST-SALE FAILURE TO WARN
(*Against Great Dane, LLC*)

72.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 24 through 28 (Great Dane's design, manufacture, and post-sale knowledge, including NHTSA Recall No. 24V637),

paragraphs 34 through 36 (Causation), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

73.    After placing the subject trailer into the stream of commerce, Great Dane, as the manufacturer, undertook and had a continuing duty to monitor the safety and performance of its trailers in service and, upon learning of a dangerous condition associated with its trailers, to provide a timely and adequate warning of that danger to owners, operators, and foreseeable users.

74.    Great Dane acquired actual or constructive post-sale knowledge of a specific, non-obvious, and material danger, that improperly welded or inadequately fabricated support-gear bracing mounts on its trailers could fail and cause the trailer to collapse. Great Dane acquired this knowledge no later than August 23, 2024, the date it issued NHTSA Recall No. 24V637, which was based upon Great Dane's investigation, testing, field data, or engineering review identifying that improperly welded support-gear bracing mounts "can lead to the trailer collapsing." That date preceded Plaintiff's injury by approximately thirteen months.

75.    Having acquired that post-sale knowledge, Great Dane was required to issue a timely and adequate post-sale warning or corrective communication, by service bulletin, safety notice, recall communication, or equivalent means, to the owners and operators of trailers within the affected population, including the

owner and operator of the subject trailer, identifying the risk of landing-gear support failure and collapse, specifying the inspection and corrective measures required to detect and remedy improperly welded or inadequate support-gear bracing mounts, and directing that affected trailers be inspected and, if necessary, removed from service until repaired.

76.    Great Dane failed to provide any such timely and adequate post-sale warning or corrective communication to the owner or operators of the subject trailer, or such warning as was provided failed to reach and adequately inform them, with the result that the subject trailer remained in service in a dangerous condition.

77.    Had Great Dane provided a timely and adequate post-sale warning of the substance described above, the owner and operators of the subject trailer would more likely than not have inspected, corrected, or removed the subject trailer from service before the incident, and Plaintiff's injuries would have been prevented or avoided. Great Dane's failure to discharge its post-sale duty to warn was a direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Great Dane, LLC for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

## COUNT VII — STRICT LIABILITY — DESIGN DEFECT
### (Against Jost International Corporation)

78.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 29 through 33 (Jost's design, manufacture, and supply of the landing gear), paragraphs 34 through 36 (Causation), paragraphs 37 through 41 (records corroborating the latent failure mode), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

79.    Jost is engaged in the business of designing and manufacturing landing-gear systems and associated K-bracket/K-brace support components and placed those components into the stream of commerce.

80.    The Jost components reached Plaintiff and other foreseeable users without substantial change in the condition relevant to the defect alleged herein and were being used in their intended and reasonably foreseeable manner, providing front-end structural support for a detached trailer during dock-loading, at the time of the collapse.

81.    The Jost K-bracket/K-brace and landing-gear support components were in a defective condition unreasonably dangerous to foreseeable users at the time they left Jost's control because they were designed in a manner that lacked sufficient structural strength, load capacity, geometry, or margin of safety to withstand, without failing, the ordinary and reasonably foreseeable vertical

loading forces that the components were specifically designed and intended to bear during dock-loading of a detached trailer.

82.    The Jost components failed to perform as safely as an ordinary user would expect when used in their intended and reasonably foreseeable manner. In the alternative, the risk of danger inherent in Jost's design, sudden structural failure of a safety-critical support component causing trailer collapse and serious personal injury, outweighed the benefits of the design, and a reasonable alternative design with adequate strength, geometry, or safety margin was available and feasible.

83.    The design defect existed at the time the Jost components left Jost's control and was a direct and proximate cause of the failure, the collapse, and Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jost International Corporation for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

## COUNT VIII — STRICT LIABILITY — MANUFACTURING DEFECT
### *(Against Jost International Corporation)*

84.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23

(Product Identification), paragraphs 29 through 33 (Jost's manufacture and supply of the landing gear), paragraphs 34 through 36 (Causation), paragraphs 37 through 41 (records corroborating the latent failure mode), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

85.     Jost manufactured the landing-gear system and the K-bracket/K-brace components incorporated into the subject trailer and placed those components into the stream of commerce.

86.     The Jost components reached Plaintiff and other foreseeable users without substantial change in the condition in which they were manufactured and were being used in their intended and reasonably foreseeable manner at the time of the collapse.

87.     The Jost K-bracket/K-brace, as manufactured, deviated from Jost's intended design and specifications and was in a defective condition unreasonably dangerous to foreseeable users, in that the component was manufactured with inadequate material properties, defective welds, insufficient structural integrity, or other manufacturing deficiencies that rendered it incapable of withstanding the ordinary and foreseeable loading forces it was designed to bear.

88.     That the Jost component failed suddenly under ordinary, well-maintained, deficiency-free conditions, conditions confirmed by the post-incident records to involve no prior visible defect across an extensive inspection and

maintenance history, no misuse, and no abnormal force, supports the reasonable inference of a latent manufacturing defect that existed when the component left Jost's control.

89.     The component failed to perform as safely as an ordinary user would expect when used in its intended and reasonably foreseeable manner. The manufacturing defect existed at the time the Jost components left Jost's control and was a direct and proximate cause of the failure, the collapse, and Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jost International Corporation for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

<u>**COUNT IX — NEGLIGENCE**</u>
*(Against Jost International Corporation)*

90.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 29 through 33 (Jost's design, manufacture, and supply of the landing gear), paragraphs 34 through 36 (Causation), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

91. Jost owed Plaintiff and all reasonably foreseeable users a duty to exercise reasonable care in the design, engineering, manufacture, material selection, quality control, testing, inspection, and distribution of the landing-gear system and K-bracket/K-brace components, so as not to create an unreasonable risk of harm to foreseeable users of the trailers into which those components were incorporated.

92. Jost breached that duty of reasonable care by designing, manufacturing, and supplying a safety-critical K-bracket/K-brace support component that was insufficient in structural strength, integrity, weld quality, material properties, or geometry to withstand the ordinary and reasonably foreseeable vertical forces encountered during dock-loading operations, and by failing to exercise reasonable care in the material selection, weld integrity, structural geometry, load-capacity verification, quality control, and manufacturing-process controls necessary to ensure that the component could safely perform its intended, safety-critical function.

93. Jost's breach of its duty of reasonable care was a direct and proximate cause of the failure of the K-bracket/K-brace, the collapse of the subject trailer, and Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jost International Corporation for compensatory damages, together with pre-

judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

## COUNT X — STRICT LIABILITY — FAILURE TO WARN
### (Against Jost International Corporation)

94.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 29 through 33 (Jost's design, manufacture, and supply of the landing gear), paragraphs 34 through 36 (Causation), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

95.    The Jost landing-gear system and K-bracket/K-brace components were accompanied by no warning, instruction, inspection criterion, maintenance trigger, load limitation, or replacement threshold concerning the risk that the K-bracket/K-brace could fail suddenly under ordinary loading conditions and cause catastrophic trailer collapse. Jost provided no such warning or instruction on the components themselves, on any identification tag or label affixed to the landing gear, or in any accompanying materials, manuals, or specifications supplied with the components.

96.    The risk that Jost's safety-critical K-bracket/K-brace could fail suddenly and without visible warning under ordinary dock-loading forces was

not open or obvious to Plaintiff or to other foreseeable users, and was a danger of which Jost knew or, in the exercise of reasonable care, should have known.

97.    Jost had a duty to provide adequate warnings and instructions regarding this non-obvious risk. An adequate warning would have stated that the K-bracket/K-brace was a safety-critical, load-bearing component subject to sudden structural failure if stressed beyond its capacity; would have specified the maximum load rating and inspection intervals for the component; would have identified the visible or measurable warning signs, if any, of incipient failure; and would have specified the replacement thresholds and removal-from-service conditions necessary to prevent failure. Jost provided no such warning or instruction, and any information that did accompany the components was inadequate because it omitted this information entirely.

98.    Had Jost provided adequate warnings and instructions of the substance described above, Plaintiff and Plaintiff's employer would have been alerted to take precautions, including inspection, load limitation, and timely replacement, sufficient to prevent or avoid the hazard. In the absence of adequate warnings, the Jost components were unreasonably dangerous to foreseeable users.

99.    Jost's failure to provide adequate warnings and instructions was a direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jost International Corporation for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

### COUNT XI — NEGLIGENT POST-SALE FAILURE TO WARN
*(Against Jost International Corporation)*

100. Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, paragraphs 10 through 17 (the Incident), paragraphs 18 through 23 (Product Identification), paragraphs 29 through 33 (Jost's design, manufacture, and supply of the landing gear), paragraphs 34 through 36 (Causation), and paragraphs 42 through 43 (Injuries and Damages), as though fully set forth herein.

101. After supplying the landing-gear system and K-bracket/K-brace components for incorporation into commercial trailers, Jost undertook and had a continuing duty to monitor the safety and field performance of those components and, upon learning of a dangerous condition associated with them, to provide a timely and adequate warning of that danger to foreseeable users, owners, and operators of the trailers into which the components were incorporated.

102. Jost acquired actual or constructive post-sale knowledge of a specific, non-obvious, and material danger, that its landing-gear support components, including weld-on flange and bracing structures of the type it manufactured, were

subject to weld and flange failures that could cause collapse of the landing gear and the trailer it supports. Jost acquired such knowledge through, among other sources, its own prior recall experience concerning landing-gear support weld failures, its field-performance and warranty data, its patents documenting weld-on flange construction and the collapse mode associated with flange failure, and its position as the manufacturer holding the majority share of the global landing-gear market.

103.    Having acquired that post-sale knowledge, Jost was required to issue a timely and adequate post-sale warning or corrective communication, by safety bulletin, inspection advisory, replacement notice, or equivalent means, to the owners, operators, and foreseeable users of trailers equipped with its landing-gear components, identifying the risk of sudden K-bracket/K-brace failure and collapse; specifying the inspection criteria, maintenance triggers, load limitations, and replacement thresholds necessary to detect and prevent such failure; and directing that affected components be inspected and, if necessary, removed from service until replaced.

104.    Jost failed to provide any such timely and adequate post-sale warning or corrective communication reaching the owner, operators, or foreseeable users of the subject trailer, with the result that the subject landing-gear components remained in service in a dangerous condition.

105.   Had Jost provided a timely and adequate post-sale warning of the substance described above, the owner and operators of the subject trailer would more likely than not have inspected, replaced, or removed the subject components from service before the incident, and Plaintiff's injuries would have been prevented or avoided. Jost's failure to discharge its post-sale duty to warn was a direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jost International Corporation for compensatory damages, together with pre-judgment and post-judgment interest as permitted by law, taxable costs, and such other and further relief as this Court deems just and proper and demands trial by jury on all issues so triable.

## RESERVATION REGARDING PUNITIVE DAMAGES

106.   Plaintiff does not, by this Fourth Amended Complaint, assert a claim for punitive damages against either Defendant. Plaintiff expressly reserves the right to seek leave of Court to amend to assert a claim for punitive damages, in compliance with Fla. Stat. § 768.72 and applicable law, upon a reasonable showing by evidence in the record or proffered by Plaintiff that would provide a reasonable basis for the recovery of such damages, based on information developed through ongoing discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Darien Lavon Maye respectfully requests that this Court enter judgment in his favor and against each Defendant separately on the counts asserted against that Defendant, and award:

(a) Compensatory damages in an amount to be determined by the trier of fact;

(b) Pre-judgment and post-judgment interest as permitted by law;

(c) Taxable costs of this action; and

(d) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as of right.

Dated this 22nd day of July, 2026.

Respectfully submitted,

**/s/ Ciera L. Lipps**
Ciera L. Lipps, Esq.
Fla. Bar No. 1018624
*Attorney for Darien Lavon Maye*
Ciera@eazlaw.com
Elizabeth Zwibel Law

Mailing Address:
652 Nina Drive
St. Petersburg, FL  33715
(727) 405-8786
Fax: (727) 255-0552

*[Remainder of page intentionally left blank]*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed with the Clerk of Court and furnished via electronic service utilizing the CM/ECF system to all parties listed in the enclosed Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing

Dated this 22nd day of July, 2026.

> **/s/ Ciera L. Lipps**
> Ciera L. Lipps, Esq.
> Fla. Bar No. 1018624
> *Attorney for Darien Lavon Maye*
> Ciera@eazlaw.com
> TeamLiz@eazlaw.com
> ChrisQ@eazlaw.com
> Elizabeth Zwibel Law
> Mailing Address:
> 652 Nina Drive
> St. Petersburg, FL  33715
> (727) 405-8786
> Fax: (727) 255-0552

*[Service List on Following Page]*

**SERVICE LIST**
**United States District Court**
**Middle District of Florida**
**Case No. 6:25-cv-02125-JSS-NWH**

Mr. Richard Dennis Rusak, Esq.
Mr. Tyler Canfield, Esq.
Cole, Scott & Kissane, P.A.
*Counsel for Defendant Jost International Corporation*
9150 South Dadeland Blvd.
Suite 1400
Miami, FL 33156

Telephone: (786) 268-6475
E-mail: richard.rusak@csklegal.com
E-mail: tyler.canfield@csklegal.com

Ciera L. Lipps, Esq.
Elizabeth Zwibel Law
*Attorney for Darien Lavon Maye*
652 Nina Drive
St. Petersburg, FL  33715
Telephone: (727) 827-7777
Facsimile: (813) 701-2482
E-mail: Ciera@eazlaw.com, TeamLiz@eazlaw.com, and ChrisQ@eazlaw.com

Great Dane, LLC, dba Great Dane Trailers
To be served via service of process on Great Dane, LLC's Registered Agent:
Cogency Global Inc.
115 North Calhoun Street, Suite 4
Tallahassee, FL 32301