**UNITED STATES DICTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.: 6:25-cv-02125-JSS-NWH**

DARIEN LAVON MAYE,

Plaintiff,

v.

JOST INTERNATIONAL CORPORATION,
AND GREAT DANE, LLC, d/b/a GREAT
DANE TRAILERS,

Defendants,
_________________________________/

# JOST INTERNATIONAL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendant, JOST INTERNATIONAL CORPORATION (hereinafter "JOST"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(e), files and serves this Motion to Dismiss Plaintiff's Fourth Amended Complaint, or in the alternative, Motion for More Definite Statement, and in support thereof states as follows:

## *Concise Statement of Requested Relief*

JOST requests that the Court dismiss all counts asserted against JOST in Plaintiff's Fourth Amended Complaint, including Counts VII, VIII, IX, X, and XI, or, in the alternative, require Plaintiff to provide a more definite

statement that cures the vague, conclusory, commingled, and otherwise defective pleadings identified in this Motion.

***Basis of the Motion***

1. This is a civil action wherein DARIEN LAVON MAYE alleges that a trailer's landing gear collapsed causing him to be thrown and resulting in personal injuries. *Fourth Amended Complaint* [ECF No. 131], paras. 1-3, 10-17, 34-36.
2. MAYE now alleges the trailer was manufactured by Great Dane, LLC, d/b/a Great Dane Trailers, and equipped with JOST landing gear components.
3. From this incident, MAYE has repeatedly amended his pleading. The Fourth Amended Complaint expands the case to include Great Dane and eleven counts, but the claims asserted against JOST continue to suffer from the same fundamental deficiencies: Plaintiff still does not identify the JOST product with sufficient specificity, still relies on conclusory defect allegations, and still commingles distinct theories within the negligence and warning counts.

***Legal Memorandum***

**I. Motion to Dismiss Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Generally, when analyzing a motion to dismiss for failure to state a claim, the court considers only the four corners of the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023).

## II. Analysis

### a. The Fourth Amended Complaint Should be Dismissed as to JOST Because the Claims Against JOST Still Fail to Provide Fair Notice and Still Rely on Conclusory Allegations

In its April 13, 2026 Order, the Court *sua sponte* dismissed Plaintiff's Second Amended Complaint as a shotgun pleading, expressly finding that each count impermissibly adopted the allegations of all preceding counts, that the pleading was replete with conclusory, vague, and immaterial allegations, and that it failed to give Defendants adequate notice of the claims and the grounds upon which each claim rests. *See* Order [ECF No. 73]. The Court further instructed Plaintiff that repleading required more than limiting incorporation by reference, and that Plaintiff must clearly identify which facts apply to each claim and tie those facts to the elements of each cause of action so that Defendants and the Court could understand how each asserted right was allegedly violated. Although Plaintiff's Fourth Amended Complaint is longer and adds Great Dane as a defendant, the claims against JOST still suffer from the same practical defect: Plaintiff pleads labels and possibilities, but not ultimate facts establishing a plausible claim against JOST. Plaintiff continues to leave JOST and the Court to guess which JOST product, component, design, specification, manufacturing process, warning, or post-sale communication is

actually at issue. Having already been afforded multiple opportunities to cure these defects and having failed to do so, dismissal of the claims against JOST is warranted.

Generally, a shotgun pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit's decision in *Burke v. Custom Marine Group*, 847 F. App'x 578 (11th Cir. 2021), further supports dismissal here. In *Burke*, the court affirmed dismissal of a complaint that commingled distinct theories of liability, failed to separate causes of action into discrete counts, and left defendants guessing as to which facts supported which claims. The court held that such pleading defects deprived defendants of adequate notice and warranted dismissal under Rules 8(a) and 10(b), even after multiple opportunities to amend. As in *Burke*, Plaintiff's Fourth Amended Complaint impermissibly blends overlapping duties and theories within single, duplicative counts, rendering it an impermissible shotgun pleading.

Here, the Fourth Amended Complaint continues to incorporate numerous preceding allegations into multiple counts, resulting in the commingling of claims and factual assertions. (4th Amd. Compl. at, *inter alia*,

¶¶ 44, 51, 58, 62, 68, 72, 78, 84, 90, 94 & 100) (each count incorporating broad categories of prior factual allegations, including ¶¶ 1–9, 10–17, 18–23, 29–33, 34–36, and, in several counts, ¶¶ 37–41, by reference). Paragraphs 37–41 concern post-incident investigation materials, TG Lee/DFA records, OSHA documentation, and inspection history. These sections do not supply nonconclusory facts identifying a specific defect in a JOST product and contribute to the confusion characteristic of a shotgun pleading, complicating matters for both JOST and the Court.

Further, although the Fourth Amended Complaint purports to separate certain counts between Defendants, the factual allegations remain drafted in a manner that blurs the distinction between Great Dane's alleged trailer-design and integration conduct and JOST's alleged component-design and manufacturing conduct. In particular, the pleading alleges that the subject failure is attributable to a defect in Great Dane's trailer structural support system, a defect in the JOST landing-gear/K-bracket/K-brace components, or both. (4th Amd. Compl. at ¶ 35). It also alleges that Great Dane controlled the trailer's structural design, component integration, load-bearing configuration, and final assembly, while separately alleging that JOST designed, manufactured, and supplied the landing-gear system and associated components. (4th Amd. Compl. at ¶¶ 5, 21–23, 24–26, 29–33). This continued

overlap and lack of clear delineation as to which facts and theories apply to which defendant deprives JOST of fair notice and perpetuates the same pleading deficiencies previously identified by the Court. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Similarly, the Fourth Amended Complaint is riddled with conclusory and vague allegations asserting that products were defective, yet it fails to allege facts explaining how any JOST product was defective or why it was unreasonably dangerous. The Eleventh Circuit has consistently recognized that "a complaint that is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" exemplifies a shotgun pleading. *Tran v. City of Holmes Beach*, 817 Fed. Appx. 911, 913 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321–23). Paragraphs 22–23, 29–33, 35, 81, 87, and 102, among others, are illustrative of the conclusory allegations that permeate the Fourth Amended Complaint. Again, the allegations surrounding TG Lee/DFA and OSHA records, including ¶¶ 37–41, are vague, conclusory, and not obviously connected to any plausible cause of action against JOST.

The Fourth Amended Complaint still fails to identify the JOST product that is claimed to be a part of the trailer assembly with any specification. "It is well established under Florida law and elsewhere that identification of the product that caused the harm as the one sold or manufactured by the

defendant is an essential element of traditional tort law." *Pulte Home Corp., Inc. v. Ply Gem Indus., Inc.*, 804 F.Supp. 1471, 1484–85 (M.D.Fla.1992). The Fourth Amended Complaint fails to identify the make or model of the subject landing gear making it impossible for JOST to respond.

In short, the Fourth Amended Complaint constitutes a shotgun pleading and fails to give Defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018); *Weiland*, 792 F.3d at 1320. As such, the Court must dismiss the Fourth Amended Complaint.

**b. Counts VII and VIII Are Due to be Dismissed for Failing to Identify the JOST Product and Failing to Allege how the Product was Defectively Designed or Defectively Manufactured**

In order to state a claim in Florida for strict products liability, a plaintiff must allege: (1) the manufacturer's relationship to the product in question, (2) the unreasonably dangerous condition of the product, and (3) the existence of a proximate causal connection between such condition and the user's injuries or damages. *Bailey v. Janssen Pharmaceutica, Inc.,* 288 Fed.Appx. 597, 604 (11th Cir. 2008) (citing *West v. Caterpillar Tractor Co.,* 336 So.2d 80, 87 (Fla.1976)).

Here, the Fourth Amended Complaint fails to allege how the JOST product was unreasonably dangerous. In *Wright v. Howmedica Osteonics Corp.*, 741 F. App'x 624 (11th Cir. 2018), the Eleventh Circuit affirmed the dismissal of a third amended complaint in a products liability action against the manufacturer for the failure to allege why or how the product was defective. In doing so, the court rejected the mere use of the words "defective" or "unsafe" to plead that the product was defective. *Id.* at 626. The Fourth Amended Complaint suffers from the same pleading deficiencies as it simply makes conclusory allegations that the unidentified JOST products were defective because they lacked "strength, integrity, durability, or manufacturing quality". Without more, the Fourth Amended Complaint fails to state a cause of action for defective design.

It appears from the pleadings that MAYE is relying on the Florida appellate case of *Cassis v. Maytag Co.*, 396 So.2d 1140 (Fla. 1st DCA 1981) to end-run the pleading requirement. However, the *Cassisi* court delt with a manufacturing defect claim. Indeed, the *Cassisi* court indicated that had the claim been for defective design, the inference would offer no benefit to the plaintiff. *Id.* at 1146, fn. 10. The Eleventh Circuit in *Witt v. Stryker Corp. of Michigan*, 648 Fed.Appx. 867 (11th Cir. 2016) considered whether the *Cassisi* inference applied to a defective design claim and expressly concluded that it

did not. *Id.* at 875. As pled, Count VII relies on conclusory design-defect allegations, while Count VIII relies on alternative and speculative manufacturing-defect allegations. Neither count identifies the specific JOST component, design feature, specification, deviation, weld, material, or manufacturing process alleged to be defective, and both should be dismissed.

**c. Count IX of the Fourth Amended Complaint Is an Impermissible Shotgun Negligence Count**

Count IX improperly combines claims for negligent design, engineering, manufacture, material selection, quality control, testing, inspection, and distribution, each of which requires distinct standards of proof and different factual predicates. Although titled simply "Negligence," Count IX alleges that JOST owed a duty to exercise reasonable care in numerous separate activities involving the landing gear and K-bracket/K-brace components, and then alleges breach through a collection of overlapping theories concerning strength, integrity, weld quality, material properties, geometry, load-capacity verification, quality control, and manufacturing-process controls. This effectively creates separate claims for negligent design, negligent manufacture, negligent testing, negligent inspection, negligent quality control, negligent material selection, and negligent distribution within a single count, resulting in a shotgun pleading.

Count IX also overlaps with the strict-liability theories asserted in Counts VII and VIII. Rather than identifying a discrete negligent act or omission, Count IX repackages the same alleged product-defect theories under a negligence label. The result is a duplicative and unclear negligence count that does not provide JOST fair notice of the specific conduct alleged to be negligent.

Because Count IX covers multiple distinct duties, multiple distinct theories of liability, and multiple categories of conduct within a single count, JOST cannot determine whether Plaintiff is pursuing negligent design, negligent manufacture, negligent testing, negligent inspection, negligent quality control, negligent distribution, or all of those theories at once. That ambiguity is precisely the type of pleading defect the Court previously required Plaintiff to cure.

Accordingly, Count IX should be dismissed, or Plaintiff should be required to replead each distinct negligence theory separately and identify the specific facts supporting each alleged duty, breach, and causal connection.

**d. Count X of the Fourth Amended Complaint Fails to State a Cause of Action for Failure to Warn**

To plead a claim for failure to warn in a products liability case, the Fourth Amended Complaint must allege that (1) the defendant failed to

exercise reasonable care in providing adequate warnings; (2) this failure proximately caused the injury; and (3) the plaintiff suffered an injury as a result. The complaint must also specify the contents of the warning label or describe how the warning was inadequate. Count X of the Fourth Amended Complaint claims that JOST failed to provide warnings regarding the risk that the K-bracket/K-brace could fail, but it does not identify any actual JOST warning, label, manual, specification, or instruction that accompanied the product, nor does it allege the specific contents of any warning that was allegedly inadequate. The absence of these factual allegations necessitates the dismissal of Count X. *See, Hovey v. Tracpath Health Inc.*, 2025 WL 2373377, *5 (M.D. Fla. Aug. 6, 2025) (Dismissing a failure to warn count in a products liability case where the complaint failed to state the contents of the warning label).

**e. Count XI of the Fourth Amended Complaint for Post-Sale Duty to Warn and Corrective Action Fails to Properly State a Cause of Action**

Count XI should be dismissed because it is pled in the very manner the Court has already condemned: it is vague, conclusory, and fails to connect specific facts to the elements of any recognized post-sale duty-to-warn claim. Rather than allege ultimate facts showing a plausible entitlement to relief,

Count XI offers generalized assertions that JOST allegedly had a post-sale duty to warn and undertake corrective action and then recites, in broad strokes, that JOST failed to do so. Such allegations do not satisfy Rules 8(a) and 10(b) and deprive JOST of fair notice of the claim being asserted and the grounds upon which it rests.

Even if Florida law recognizes a post-sale duty to warn in limited circumstances, a plaintiff must plead facts supporting each element of the theory being pursued, not merely state that the defendant knew or should have known and failed to warn. Under Florida law, a post-sale failure-to-warn claim requires proof that the manufacturer, after learning of a dangerous condition associated with its product, failed to provide a timely and adequate warning of that danger and that the failure was a legal cause of the plaintiff's injury. As the Third District explained, a manufacturer may be liable where it fails to warn users of a known risk, because "one who does not warn with the urgency and intensity deemed required under the circumstances cannot say that failure would have made no difference," and whether the absence of a warning contributed to the injury is ordinarily a question for the jury. *Sta-Rite Indus., Inc. v. Levey*, 909 So. 2d 901, 904–06 (Fla. 3d DCA 2004). The plaintiff must therefore establish the manufacturer's post-sale knowledge of the risk, the

inadequacy or untimeliness of the warning, proximate causation, and resulting injury or damages.

At a minimum, the pleading must allege nonconclusory facts showing: (1) what specific danger was discovered post-sale and why it was non-obvious and material; (2) when and how the manufacturer acquired actual or constructive post-sale knowledge of that danger; (3) what warning or corrective communication should have been issued (including its substance) and to whom; and (4) how the failure to provide that warning proximately caused Plaintiff's injury. Count XI does not plead these elements with supporting facts, leaving JOST and the Court to guess at the operative duty, the allegedly known risk, and the factual basis for causation.

Here, Count XI fails at the threshold. It does not allege concrete facts establishing post-sale knowledge by JOST, such as specific complaints, incidents, field reports, investigations, testing, recalls, or communications that supposedly put JOST on notice after the product left its control. Nor does Count XI allege what JOST purportedly learned, when it learned it, or how that information created a duty to act. Instead, it relies on broad allegations about prior recall experience, field-performance and warranty data, patents, and market share without tying any of those allegations to the subject product or

any substantially similar incident. Such pleading is insufficient under Rule 8 and fails to state a claim.

Count XI is also deficient because it never identifies the content of the alleged post-sale warning or corrective action that supposedly was required. It does not plead what JOST should have said, how a warning would have been feasible, who should have received it, or when it should have been issued. And it does not allege facts supporting proximate causation, i.e., how the absence of a specific warning, if provided, would more likely than not have changed Plaintiff's conduct or prevented the incident. Without such allegations, Count XI impermissibly invites speculation on both duty and causation and amounts to a formulaic recitation of a claim rather than a plausible, fact based pleading.

For these independent reasons: vagueness, conclusory allegations, and the failure to plead ultimate facts supporting each essential element of a post-sale duty-to-warn/corrective action theory, Count XI fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6), or, at minimum, Plaintiff should be required to replead in a more definite statement that identifies the specific duty, the specific post-sale knowledge, the specific warning or corrective action allegedly required, and a plausible causal connection to Plaintiff's alleged injury.

WHEREFORE, Defendant, JOST INTERNATIONAL CORPORATION, respectfully requests that this Court enter an Order dismissing the Fourth Amended Complaint or, alternatively, striking those portions that fail to state a cause of action or impermissibly commingle claims, and requiring the Plaintiff to cure these deficiencies by filing a more definitive statement that properly identifies each distinct cause of action.

**LOCAL RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies they conferred with Plaintiff's counsel via telephone regarding the relief requested in this Motion on August 20, 2026, and counsel for the Plaintiff objects to the relief sought in this motion.

**[SIGNATURE PAGE FOLLOWS]**

**Dated: August 20, 2026.**

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Jost International Corporation*
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone: (786) 300-3967
Facsimile: (305) 373-2294
E-mail: richard.rusak@csklegal.com
tyler.canfield@csklegal.com
josea.rodriguez@csklegal.com
ariana.teran@csklegal.com

*By: s./ TYLER J. CANFIELD*
RICHARD D. RUSAK
Florida Bar No.: 614181
TYLER J. CANFIELD
Florida Bar No.: 1042023

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 20, 2026, a true and correct copy of the foregoing was served via transmission of Notice of Electronic Filing generated by CM/ECF upon the following listed in the service list via email.

By: *s/ TYLER J. CANFIELD*
TYLER J. CANFIELD

**[SERVICE LIST FOLLOWS]**

**SERVICE LIST**

**Ciera L. Lipps, Esq.**
ELIZABETH ZWIBEL LAW
652 Nina Drive
St. Petersburg, FL 33715
Telephone: (727) 405-8786
Fax: (727) 255-0552
ciera@eazlaw.com
teamliz@eazlaw.com
allyson@eazlaw.com
*Counsel for Plaintiff*