UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARIEN LAVON MAYE,

Plaintiff, Case No.: 6:25-cv-02125-JSS-NWH

v.

JOST INTERNATIONAL CORPORATION, and GREAT DANE, LLC, d/b/a GREAT DANE TRAILERS,

Defendants.
_______________________________________/

**MOTION OF CIERA L. LIPPS, ESQ., TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF**

Undersigned counsel, **CIERA L. LIPPS, ESQ.**, of Elizabeth Zwibel Law, each moving individually and pursuant to Local Rule 2.02(c) of the United States District Court for the Middle District of Florida, respectfully move this Court for leave to withdraw as counsel of record for Plaintiff, **DARIEN LAVON MAYE**, and in support state as follows:

## I. RELIEF REQUESTED

Pursuant to Local Rule 3.01(b), the precise relief requested is an Order: (1) granting the undersigned lawyer leave to withdraw as counsel of record for Plaintiff, Darien Lavon Maye; (2) directing the Clerk to terminate the undersigned as counsel of record in this action and to remove them from all

CM/ECF notification and service lists; and (3) directing that Plaintiff be designated as proceeding *pro se* with all further notices, orders, pleadings, and papers being directed to Plaintiff at the mailing address, email address, and telephone number set forth in Paragraph 12 below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff commenced this products-liability action on November 6, 2025 (ECF No. 1), seeking damages for injuries sustained on September 16, 2025, when the landing-gear support system of a commercial refrigerated semi-trailer failed during dock-loading operations at a facility in Orlando, Orange County, Florida.

2. Plaintiff proceeded *pro se* from the commencement of this action until May 29, 2026, when Ciera L. Lipps, Esq., of Elizabeth Zwibel Law, filed a Notice of Appearance on Plaintiff's behalf (ECF No. 114).

3. On May 8, 2026, the Court entered its Case Management and Scheduling Order (ECF No. 93), which sets, among other deadlines, Plaintiff's expert disclosures on February 1, 2027; Defendants' expert disclosures on March 1, 2027; the discovery and discovery-related motions deadline on April 5, 2027; the mediation deadline on April 19, 2027; the dispositive, *Daubert*, and *Markman* motions deadline on May 3, 2027; the final pretrial conference on September 9, 2027; and the trial term commencing October 4, 2027.

4. On August 6, 2026, the Court granted Plaintiff leave to file his Fourth Amended Complaint and to join Great Dane, LLC, d/b/a Great Dane Trailers, as a Defendant (ECF No. 130). The Fourth Amended Complaint is the operative pleading. Summons as to Great Dane, LLC was issued on August 21, 2026 (ECF No. 134).

5. On August 20, 2026, Defendant Jost International Corporation moved to dismiss the Fourth Amended Complaint (ECF No. 133). Under Local Rule 3.01(d), Plaintiff's response to that motion is due on or before September 10, 2026. Undersigned counsel has advised Plaintiff of that deadline in writing.

6. Irreconcilable differences have arisen between the undersigned counsel and Plaintiff that have rendered the continued representation of Plaintiff unreasonably difficult and have resulted in a fundamental breakdown of the attorney-client relationship. Consistent with counsel's continuing duty of confidentiality under Rule 4-1.6 of the Rules Regulating The Florida Bar, undersigned counsel do not disclose the substance of privileged or confidential communications and respectfully submit that no further detail is necessary to the Court's disposition of this Motion. Should the Court require additional information, undersigned counsel respectfully request leave to submit the same for *in camera* review.

7. On August 19, 2026, undersigned counsel conferred with Plaintiff by telephone and advised him that Elizabeth Zwibel Law was concluding its representation and would move to withdraw. That same day, undersigned counsel transmitted to Plaintiff, by electronic mail to both email addresses Plaintiff uses in this litigation, written notice of counsel's intent to withdraw, which expressly advised Plaintiff that the motion to withdraw would be filed fourteen (14) days from the date of the notice.

8. In that same written notice, and consistent with Rule 4-1.16(d) of the Rules Regulating The Florida Bar, undersigned counsel: (a) furnished Plaintiff a complete copy of his file; (b) enclosed a copy of the Court's Case Management and Scheduling Order; and (c) enclosed a printout of the case calendar maintained in counsel's case-management system identifying the remaining deadlines and case events not set forth in the Scheduling Order.

9. Plaintiff requested, and has received, his complete file.

10. More than fourteen (14) days have elapsed since undersigned counsel provided Plaintiff with written notice of their intent to withdraw.

11. The earliest deadline set by the Case Management and Scheduling Order that remains outstanding is Plaintiff's expert disclosure deadline of February 1, 2027, approximately five (5) months from the filing of this Motion. The relief requested will not require the continuance of any trial, pretrial

conference, or hearing, and will not disturb any date set in the Case Management and Scheduling Order.

12. Upon the granting of this Motion, Plaintiff will proceed *pro se*. Pursuant to Local Rule 2.02(c)(1)(B)(ii), Plaintiff's mailing address, email address, and telephone number are as follows:

Darien Lavon Maye
3744 American Holly Road
Jacksonville, Florida 32226
Telephone: (689) 986-4714
Email: darienmaye.litigation@gmail.com

## III. MEMORANDUM OF LEGAL AUTHORITY

### A. Local Rule 2.02(c) governs this Motion, and each of its requirements is satisfied.

Local Rule 2.02(c) provides that a lawyer who has appeared in an action "cannot without leave of court abandon, or withdraw from, the action." M.D. Fla. L.R. 2.02(c). To withdraw, a lawyer "must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal," and must file a motion that includes "a certificate that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal" and, "if withdrawal will result in a person proceeding *pro se*, the person's mailing address, email address, and telephone number." M.D. Fla. L.R. 2.02(c)(1). The

withdrawing lawyer, "not the lawyer's present or former firm or another lawyer[,]" must move to withdraw. M.D. Fla. L.R. 2.02(c)(2).

Each requirement is satisfied here. Written notice of counsel's intent to withdraw was delivered to Plaintiff on August 19, 2026, more than fourteen (14) days before the filing of this Motion, and the substance of that notice was communicated to Plaintiff by telephone the same day. The certificate required by Local Rule 2.02(c)(1)(B)(i) appears below. Plaintiff's mailing address, email address, and telephone number, required by Local Rule 2.02(c)(1)(B)(ii), are set forth in Paragraph 12 above. And consistent with Local Rule 2.02(c)(2), this Motion is brought by each withdrawing lawyer individually rather than by the firm or by one lawyer on another's behalf; each withdrawing lawyer has signed below.

**B. Withdrawal is permissible under the ethical rules that bind counsel practicing in this District.**

A lawyer appearing in the Middle District "must remain familiar with, and is bound by, the rules governing the professional conduct of a member of The Florida Bar." M.D. Fla. L.R. 2.01(e). Rule 4-1.16(b) of the Rules Regulating The Florida Bar permits a lawyer to withdraw from a representation where withdrawal can be accomplished without material adverse effect on the client's interests, where the client insists upon taking action with which the lawyer has a

fundamental disagreement, where the representation has been rendered unreasonably difficult by the client, or where other good cause for withdrawal exists. Those grounds are present. The attorney-client relationship has broken down irreparably, and continued representation is no longer tenable.

Undersigned counsel have also satisfied Rule 4-1.16(d), which requires a withdrawing lawyer to take steps reasonably practicable to protect the client's interests. Counsel gave reasonable written notice, surrendered Plaintiff's entire file, and furnished Plaintiff with the Court's Case Management and Scheduling Order together with a calendar of the remaining deadlines and case events in this action, so that Plaintiff may protect his rights going forward.

**C. Withdrawal will not cause a continuance of trial or prejudice any party.**

Local Rule 2.02(c)(3) provides that "[i]f withdrawal might cause the continuance of a trial, a lawyer cannot withdraw absent a compelling ethical problem, emergency, disability, or death." That limitation is not implicated. The trial term does not commence until October 4, 2027, more than thirteen (13) months after the filing of this Motion, and the final pretrial conference is not set until September 9, 2027. Discovery does not close until April 5, 2027; expert disclosures are not due until February 1 and March 1, 2027; mediation need not be completed until April 19, 2027; and dispositive motions are not due until May 3, 2027. Ample time remains for Plaintiff to retain substitute counsel, or to

proceed on his own behalf, without disturbing a single date in the Case Management and Scheduling Order.

Nor will any party be prejudiced. This case remains in the pleading and discovery phase: the operative Fourth Amended Complaint was authorized on August 6, 2026, the newly joined Defendant Great Dane, LLC has only recently been served with process, and no deposition, hearing, or trial setting will be affected by the relief requested.

Finally, Plaintiff will not be left uninformed of his obligations. Plaintiff prosecuted this action *pro se* from November 2025 through May 2026 and is familiar with this Court's procedures, with the CM/ECF system, and with electronic service in this case. Counsel has furnished Plaintiff with the operative deadlines, including the September 10, 2026, deadline to respond to Defendant Jost International Corporation's Motion to Dismiss the Fourth Amended Complaint (ECF No. 133), and has advised Plaintiff, consistent with Local Rule 2.02(c)(4), that a person no longer represented by counsel must comply with the rules of this Court and with all deadlines in this action.

***[Remainder of page intentionally left blank]***

## IV. CONCLUSION

**WHEREFORE**, the undersigned counsel, Ciera L. Lipps, Esq., of Elizabeth Zwibel Law respectfully requests that this Court enter an Order granting leave to withdraw as counsel of record for Plaintiff, Darien Lavon Maye; directing the Clerk of Court to terminate the undersigned as counsel of record and to remove them from all CM/ECF notification and service lists in this action; directing that Plaintiff be designated as proceeding *pro se* and that all further notices, orders, pleadings, and papers be directed to Plaintiff at the mailing address, email address, and telephone number set forth herein; and granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 2.02(c)(1)(B)(i)

Pursuant to Local Rule 2.02(c)(1)(B)(i), the undersigned counsel hereby certifies that written notice of their intent to withdraw from the representation of Plaintiff, Darien Lavon Maye, was provided to Plaintiff on August 19, 2026, more than fourteen (14) days before the filing of this Motion, by electronic mail to darienmaye190@gmail.com and darienmaye.litigation@gmail.com, and that the substance of that notice was communicated to Plaintiff by telephone on the same date. Additionally, the Plaintiff does not oppose the relief requested in this Motion.

**LOCAL RULE 3.01(g) CERTIFICATE**

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that she conferred in good faith by telephone with Tyler J. Canfield, Esq., counsel for Defendant Jost International Corporation, September 4, 2026, and with Alexander Melvin, Esq., counsel for Defendant Great Dane LLC on September 10, 2026, regarding the relief requested in this Motion. Counsel for Defendant Jost International Corporation opposes the relief requested herein and requests that the Court provide Plaintiff ninety (90) days to obtain new counsel in this matter, and if Plaintiff fails to do so, then Defendant Jost International Corporation requests the Court dismiss the instant action WITHOUT prejudice until Plaintiff is able to obtain counsel to initiate suit on his behalf for the damages claimed by Plaintiff arising from the incident on September 16, 2025. Counsel for Great Dane LLC opposes the relief requested herein and requests the same relief requested by Jost International Corporation.

Dated September 10, 2026.

*/s/ Ciera L. Lipps*
Ciera L. Lipps, Esq.
Fla. Bar No. 1018624
Ciera@eazlaw.com
Elizabeth Zwibel Law

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed with the Clerk of Court and furnished via electronic service utilizing the CM/ECF system to all parties listed in the enclosed Service List on the following page via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing, and that a true and correct copy of the foregoing has been furnished to Plaintiff, Darien Lavon Maye, by United States Mail, postage prepaid, at 3744 American Holly Road, Jacksonville, Florida 32226, and by electronic mail at the addresses listed on the Service List.

Dated September 10, 2026.

**/s/ Ciera L. Lipps**
Ciera L. Lipps, Esq.
Fla. Bar No. 1018624
*Attorney for Darien Lavon Maye*
Ciera@eazlaw.com
TeamLiz@eazlaw.com
Allyson@eazlaw.com
Elizabeth Zwibel Law
Mailing Address:
652 Nina Drive
St. Petersburg, FL 33715
(727) 405-8786
Fax: (727) 255-0552

***[Service List on Following Page]***

**SERVICE LIST**
**United States District Court**
**Middle District of Florida**
**Case No. 6:25-cv-02125-JSS-NWH**

Mr. Richard Dennis Rusak, Esq.
Mr. Tyler J. Canfield, Esq.
Cole, Scott & Kissane, P.A.
*Counsel for Defendant Jost International Corporation*
9150 South Dadeland Blvd., Suite 1400
Miami, FL 33156
Telephone: (786) 268-6475
E-mail: richard.rusak@csklegal.com
E-mail: tyler.canfield@csklegal.com

Mr. Alexander Melvin, Esq.
Rumberger Kirk
*Counsel for Defendant Great Dane, LLC, d/b/a Great Dane Trailers*
300 South Orange Ave., Suite 1400
Orlando, FL 32801
Telephone: (407)872-7300
E-mail: amelvin@rumberger.com, mbegey@rumberger.com, and jortiz@rumberger.com

Mr. Darien Lavon Maye
*Plaintiff*
3744 American Holly Road
Jacksonville, FL 32226
Telephone: (689) 986-4714
E-mail: darienmaye.litigation@gmail.com and darienmaye190@gmail.com

Ciera L. Lipps, Esq.
Elizabeth Zwibel Law
*Attorney for Darien Lavon Maye*
652 Nina Drive
St. Petersburg, FL 33715
Telephone: (727) 405-8786
Facsimile: (727) 255-0552
E-mail: Ciera@eazlaw.com, TeamLiz@eazlaw.com, and Allyson@eazlaw.com