UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARIEN LAVON MAYE,

Plaintiff, Case No.: 6:25-cv-02125-JSS-NWH

v.

JOST INTERNATIONAL CORPORATION, and GREAT DANE, LLC, d/b/a GREAT DANE TRAILERS,

Defendants.
_________________________________/

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO JOST INTERNATIONAL CORP.'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

Plaintiff, **DARIEN LAVON MAYE**, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rules 3.01(b) of the United States District Court for the Middle District of Florida, respectfully moves this Court for an extension of time within which to respond to Defendant Jost International Corporation's Motion to Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 133), and in support states as follows:

**I. RELIEF REQUESTED**

Pursuant to Local Rule 3.01(b), the precise relief requested is an Order extending Plaintiff's deadline to respond to Defendant Jost International Corporation's Motion to Dismiss the Fourth Amended Complaint (ECF No. 133)

through and including the date on which any period the Court affords Plaintiff to obtain substitute counsel expires, so that Plaintiff's response deadline runs coextensively with the time the Court allows Plaintiff to secure new counsel following the Court's resolution of the Motion to Withdraw as Counsel of Record filed contemporaneously herewith.

In the alternative, and in the event the Court does not afford Plaintiff a discrete period within which to obtain substitute counsel, Plaintiff respectfully requests that his response deadline be extended through and including the date that is thirty (30) days after entry of the Court's order resolving the Motion to Withdraw.

As set forth in the Local Rule 3.01(g) Certificate below, counsel for both Defendants have been conferred with, and neither Defendant opposes the relief requested. This Motion is therefore unopposed, and its title so states in accordance with Local Rules 1.09 and 3.01(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. On August 6, 2026, the Court granted Plaintiff leave to file his Fourth Amended Complaint and to join Great Dane, LLC, d/b/a Great Dane Trailers, as a Defendant (ECF No. 130). The Fourth Amended Complaint is the operative pleading in this action.

2. On August 20, 2026, Defendant Jost International Corporation ("Jost") filed its Motion to Dismiss the Fourth Amended Complaint (ECF No. 133) (the "Motion to Dismiss").

3. Under Local Rule 3.01(d), a party may respond to a motion to dismiss within twenty-one days after service of the motion. Plaintiff's response to the Motion to Dismiss is accordingly due on or before September 10, 2026.

4. This Motion is filed on September 10, 2026, before Plaintiff's response deadline expires. The requested extension is therefore governed by the good cause standard of Federal Rule of Civil Procedure 6(b)(1)(A), and not by the excusable neglect standard of Rule 6(b)(1)(B).

5. The twenty-one day response period was not permitted to lapse idly. During that period, counsel for Plaintiff and counsel for Jost engaged in meaningful settlement negotiations in an effort to resolve this action. Had those negotiations produced a resolution, they would have obviated the need for any response to the Motion to Dismiss and spared both the parties and the Court the burden of briefing and deciding it. To date, however, the parties have not reached a settlement. Consistent with Federal Rule of Evidence 408, Plaintiff does not disclose the substance, terms, or positions advanced in those negotiations, and refers to them solely to establish counsel's diligence during the response period.

6. Contemporaneously with the filing of this Motion, undersigned counsel is filing a Motion to Withdraw as Counsel of Record for Plaintiff pursuant to Local Rule 2.02(c) (the "Motion to Withdraw").

7. Written notice of undersigned counsel's intent to withdraw was furnished to Plaintiff on August 19, 2026, in accordance with Local Rule 2.02(c)(1)(A). Upon the Court's granting of the Motion to Withdraw, Plaintiff will be without counsel unless and until he retains substitute counsel.

8. Local Rule 2.02(c)(4) provides that "[a] party that discharges a lawyer must obtain substitute counsel in time to comply with the deadlines," and that "[a] person no longer represented by counsel must comply with the rules and comply with the deadlines."

9. Absent the requested extension, Plaintiff's response to the Motion to Dismiss would come due while the Motion to Withdraw remains pending and before Plaintiff has had any meaningful opportunity to retain substitute counsel. Under Local Rule 3.01(d), a party's failure to respond timely renders a motion "subject to treatment as unopposed."

10. The requested extension will not affect any deadline established by the Case Management and Scheduling Order (ECF No. 93). Plaintiff's expert disclosures are not due until February 1, 2027; discovery does not close until April 5, 2027; mediation need not be completed until April 19, 2027; dispositive,

*Daubert*, and *Markman* motions are not due until May 3, 2027; the final pretrial conference is set for September 9, 2027; and the trial term does not commence until October 4, 2027.

11. This Motion is made in good faith and not for the purpose of delay, and no party will be prejudiced by the relief requested.

## III. MEMORANDUM OF LEGAL AUTHORITY

### A. Rule 6(b)(1)(A) supplies the governing standard, and good cause exists.

Federal Rule of Civil Procedure 6(b)(1)(A) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Because this Motion is filed on September 10, 2026, the date Plaintiff's response is due, and therefore before the response period expires, the liberal good cause standard of Rule 6(b)(1)(A) governs, and Plaintiff need not establish excusable neglect under Rule 6(b)(1)(B). Whether to grant an extension under Rule 6(b)(1)(A) is committed to the sound discretion of the district court.

Good cause is plainly present. The impending withdrawal of Plaintiff's counsel is precisely the sort of change in representation that warrants a brief adjustment to a briefing deadline. Undersigned counsel gave Plaintiff written notice of the intent to withdraw on August 19, 2026, the day before Jost filed its

Motion to Dismiss, and moves to withdraw contemporaneously with this Motion. The circumstance giving rise to the need for an extension is thus neither of Plaintiff's making nor the product of any lack of diligence: it arises from the termination of the attorney-client relationship and the corresponding need for Plaintiff to obtain new counsel before substantive briefing proceeds.

Nor does the passage of the twenty-one day response period cut against a finding of good cause. That period was devoted to meaningful settlement negotiations between counsel for Plaintiff and counsel for Jost aimed at resolving this action, a resolution that would have mooted the Motion to Dismiss altogether and relieved the Court of the need to decide it. Litigants are encouraged to pursue precisely that course, and the fact that those efforts have not yet produced an agreement does not transform diligent settlement negotiation into neglect. See Fed. R. Civ. P. 1. When it became apparent that the matter would not resolve within the response period, counsel moved promptly, and before the deadline expired, for the modest relief sought here.

**B. An extension coextensive with the time to obtain substitute counsel is the relief that fits these circumstances.**

The object of the requested extension is to align Plaintiff's response deadline with the period during which he will actually be in a position to respond. A response to a dispositive motion prepared by counsel who is

simultaneously moving to withdraw, and who will have no continuing role in this litigation, would serve neither Plaintiff nor the Court. Conversely, requiring Plaintiff to respond on his own within hours of the present deadline, while the Motion to Withdraw is still pending and before he has had any opportunity to locate new counsel, would deprive him of a meaningful opportunity to be heard on a motion directed at his entire operative pleading.

Local Rule 2.02(c)(4) contemplates exactly this sequencing. It obligates a party whose lawyer withdraws to obtain substitute counsel "in time to comply with the deadlines," which presupposes that the party is afforded a realistic interval in which to do so. Tying the response deadline to that same interval is the most economical way to honor the Rule: it requires no second motion, it fixes the deadline by reference to a date the Court itself will set, and it ensures that whoever ultimately responds to the Motion to Dismiss, substitute counsel or Plaintiff himself, will have had the benefit of the full period the Court deems appropriate.

**C. No party will be prejudiced and no case deadline will be disturbed.**

Both Defendants have been conferred with and neither opposes the requested extension. The relief sought affects only the briefing schedule on a single motion; it does not alter any date in the Case Management and Scheduling Order (ECF No. 93). Discovery remains open until April 5, 2027, dispositive

motions are not due until May 3, 2027, and trial is not set until the term commencing October 4, 2027. The Motion to Dismiss will be fully briefed and ripe for the Court's consideration well in advance of every one of those dates.

The requested extension also serves judicial economy. Merits briefing prepared by the lawyer, or the party, who will remain in this case is of considerably greater assistance to the Court than briefing filed under the exigency of an expiring deadline in the midst of a change of representation. Granting the extension advances the direction of Federal Rule of Civil Procedure 1 that the rules be construed to secure the just, speedy, and inexpensive determination of this action.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff, Darien Lavon Maye, respectfully requests that this Court enter an Order extending his deadline to respond to Defendant Jost International Corporation's Motion to Dismiss the Fourth Amended Complaint (ECF No. 133) through and including the date on which any period afforded by the Court to Plaintiff to obtain substitute counsel expires; or, in the alternative, through and including the date that is thirty (30) days after entry of the Court's order resolving the Motion to Withdraw; and granting such other and further relief as this Court deems just and proper.

**LOCAL RULE 3.01(g) CERTIFICATE**

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that she has conferred in good faith with counsel for each Defendant regarding the relief requested in this Motion. On September 8, 2026, undersigned counsel conferred by telephone with Tyler J. Canfield, Esq., counsel for Defendant Jost International Corporation, who advised that Jost International Corporation has no objection to the relief requested herein. On September 9, 2026, undersigned counsel conferred by electronic mail with Alexander Melvin, Esq., counsel for Defendant Great Dane, LLC, d/b/a Great Dane Trailers, who advised that Great Dane, LLC has no objection to the relief requested herein. The parties therefore agree on the resolution of this Motion, and the Motion is unopposed.

Dated this 10th day of September, 2026.

Respectfully submitted,

**/s/ Ciera L. Lipps**
Ciera L. Lipps, Esq.
Fla. Bar No. 1018624
*Attorney for Darien Lavon Maye*
Ciera@eazlaw.com
TeamLiz@eazlaw.com
ChrisQ@eazlaw.com
Elizabeth Zwibel Law
Mailing Address:
652 Nina Drive
St. Petersburg, FL 33715
(727) 405-8786
Fax: (727) 255-0552

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed with the Clerk of Court and furnished via electronic service utilizing the CM/ECF system to all parties listed in the enclosed Service List on the following page via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing, and that a true and correct copy of the foregoing has been furnished to Plaintiff, Darien Lavon Maye, by electronic mail and by United States Mail, postage prepaid, at the address listed on the Service List.

Dated this 10th day of September, 2026.

**/s/ Ciera L. Lipps**
Ciera L. Lipps, Esq.
Fla. Bar No. 1018624
*Attorney for Darien Lavon Maye*
Ciera@eazlaw.com
TeamLiz@eazlaw.com
ChrisQ@eazlaw.com
Elizabeth Zwibel Law
Mailing Address:
652 Nina Drive
St. Petersburg, FL 33715
(727) 405-8786
Fax: (727) 255-0552

**SERVICE LIST**
**United States District Court**
**Middle District of Florida**
**Case No. 6:25-cv-02125-JSS-NWH**

Mr. Richard Dennis Rusak, Esq.
Mr. Tyler J. Canfield, Esq.
Cole, Scott & Kissane, P.A.
*Counsel for Defendant Jost International Corporation*
9150 South Dadeland Blvd., Suite 1400
Miami, FL 33156
Telephone: (786) 268-6475
E-mail: richard.rusak@csklegal.com
E-mail: tyler.canfield@csklegal.com

Mr. Alexander Melvin, Esq.
Rumberger Kirk
*Counsel for Defendant Great Dane, LLC, d/b/a Great Dane Trailers*
300 South Orange Ave., Suite 1400
Orlando, FL 32801
Telephone: (407)872-7300
E-mail: amelvin@rumberger.com, mbegey@rumberger.com, and jortiz@rumberger.com

Mr. Darien Lavon Maye
*Plaintiff*
3744 American Holly Road
Jacksonville, FL 32226
Telephone: (689) 986-4714
E-mail: darienmaye.litigation@gmail.com and darienmaye190@gmail.com

Ciera L. Lipps, Esq.
Elizabeth Zwibel Law
*Attorney for Darien Lavon Maye*
652 Nina Drive
St. Petersburg, FL 33715
Telephone: (727) 405-8786
Facsimile: (727) 255-0552
E-mail: Ciera@eazlaw.com, TeamLiz@eazlaw.com, and Allyson@eazlaw.com