**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DARIEN LAVON MAYE,**

**Plaintiff,**

**v.** **Case No. 6:25-cv-2125-JSS-NWH**

**JOST INTERNATIONAL CORP., HYUNDAI TRANSLEAD, INC., and GREAT DANE, LLC,**

**Defendants.**

# ORDER

This cause comes before the Court on the Motion to Withdraw as Counsel for Plaintiff filed by attorney Ciera Lipps. (Doc. 137). In the Motion, Ms. Lipps explains that "irreconcilable differences have arisen" between her and Plaintiff leading to a "fundamental breakdown of the attorney-client relationship." (*Id.* at 3). Thus, Ms. Lipps seeks to withdraw from representation of Plaintiff, which would result in Plaintiff proceeding *pro se*.

Local Rule 2.02(c) governs requests to withdraw from representation. Rule 2.02(c)(1) requires the withdrawing attorney to file a motion containing "a certificate that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal" and, "if withdrawal will result in a person proceeding *pro se*, the person's mailing address, email address, and telephone number." Under the Florida Rules of Professional Conduct, withdrawal is permissible when (1) withdrawal

would not cause prejudice to the client *or* (2) "good cause" exists for the withdrawal. *Albert v. DRS Techs., Inc.*, No. 611CV869ORL36DAB, 2012 WL 12898965, at *2 (M.D. Fla. Apr. 18, 2012). "Good cause" can exist where circumstances have caused the "disintegration" of the attorney-client relationship and a "fundamental absence of trust" between attorney and client. *See id.*

Although Ms. Lipps, being constrained by the attorney-client privilege, does not disclose the specifics of the breakdown of her relationship with Plaintiff, the Court finds that an *in camera* inspection of privileged communications is unnecessary here, and the Motion provides a sufficient basis for withdrawal. First, despite the significant number of docket entries in this matter, this case is still in its early stages; the operative Fourth Amended Complaint was only filed on August 6, 2026, and the pleadings have not yet closed. (*See* Doc. 137 at 8). Ms. Lipps's withdrawal would not place Plaintiff in an unduly prejudicial position, as there are no imminent pretrial deadlines and Plaintiff has already filed a Motion for Extension of Time to respond to the pending Motion to Dismiss. (*See* Docs. 133, 138). Second, the Court is satisfied from Ms. Lipps's statements regarding the deterioration of her relationship with Plaintiff that adequate "good cause" exists for her withdrawal.

Thus, the Motion will be granted. Furthermore, Ms. Lipps will be directed to provide a copy of this Order and the current Case Management and Scheduling Order to Plaintiff **on or before September 23, 2026**, and to file a certificate of compliance with this Order on or before **September 25, 2026.**

Unless and until Plaintiff hires a new lawyer, all pleadings and papers shall be served on the Plaintiff at his last known address: 3744 American Holly Road, Jacksonville, Florida 32226. His last known email address is darienmaye.litigation@gmail.com, and his last known telephone number is (689) 986-4714. **If Plaintiff's contact information changes, it is his responsibility to file a paper informing the Court and the other parties of his new contact information.**

The Court will take the opportunity to explain to Plaintiff some of the rules and procedures he must follow now that he is proceeding *pro se*. *Pro se* litigants are subject to the same law and rules of court as litigants represented by attorneys, including the Federal Rules of Civil Procedure, the Court's Local Rules, the Federal Rules of Evidence, and so on. This Court's Local Rules are available online at https://www.flmd.uscourts.gov/local-rules. The Federal Rules of Civil Procedure are available online at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure. Importantly, Plaintiff shall not attempt to correspond with the Court or any Judge or Magistrate Judge by letter, phone call, email, or other unofficial means. **The Court will only receive and/or rule upon documents that have been filed with the Clerk and properly served on all other parties.**

All filings by Plaintiff must comply with the Federal Rules of Civil Procedure and must bear his signature. To that end, **Plaintiff is cautioned to read and familiarize himself with Federal Rule of Civil Procedure 11, as failure to comply with Rule 11**

**could result in sanctions or fines.** Additionally, any filings by Plaintiff must contain a certificate of service stating the date when a copy of the filing was served on all other parties (or their attorneys) and the means of service (e.g., U.S. Mail, hand delivery, email). For most motions, Local Rule 3.01(g) requires a good faith conferral with the opposing party prior to filing, and if the parties cannot reach an agreement on the motion, the motion must include a certificate of conferral. Although the Court has set forth several of the most important procedural requirements that Plaintiff must observe, there are many more rules and procedures that apply in federal court. This Court's website contains a Guide for Proceeding Without a Lawyer, which Plaintiff may wish to consult, accessible online at: https://www.flmd.uscourts.gov/litigants-without-lawyers.

**Importantly, the Court cautions Plaintiff that this action remains set for trial**, and all deadlines set out by the Case Management and Scheduling Order remain in full force and effect. Requests for continuance of trial are strongly disfavored and will only be granted under extraordinary circumstances. **The trial term begins on October 4, 2027. During the trial term, Plaintiff will be expected to be prepared to go to trial with 72 hours' notice.**

If Plaintiff requires more time to comply with any particular deadline, **Plaintiff must confer with all other Parties and file an appropriate motion with the Court.** The Court will not repeat all of the pretrial deadlines in this matter but encourages

Plaintiff to review and become familiar with the Case Management and Scheduling Order.

Accordingly, it is hereby **ORDERED** that:

1. The Motion to Withdraw is **GRANTED**;

2. Attorney Ciera Lipps is **DIRECTED** to provide a copy of this Order, as well as a copy of the Case Management and Scheduling Order, to Plaintiff **on or before September 18, 2026.** Counsel must file a certificate of compliance with the Court **on or before September 21, 2026,** certifying that Plaintiff has been provided such copies and/or describing with particularity counsel's diligent efforts to provide such copies.

3. Finally, the Clerk is **DIRECTED** to remove attorney Ciera Lipps from the CM/ECF service list.

**DONE** and **ORDERED** in Orlando, Florida, on September 14, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party (to be furnished by former counsel)